**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01020-CMA-MEH

JOSE MORENO, et al.,

    Plaintiffs,

v.

SODEXO, INC., et al.,

    Defendants.

---

**PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, the term "document" shall include any writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. See Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, representatives, or agents of Defendants, HealthONE of Denver, Inc., HCA-HealthONE LLC d/b/a Sky Ridge Medical Center, Sodexo, Inc. and Sodexo America, LLC (collectively "Defendants") or any of the subsidiaries or affiliates of Defendants, or any Plaintiff Jose Moreno, Kwame Adjei-Broni, Francis Agyemang-Boakye, Agnes Amponsah, Steve Atencio, Owusu Boahen, Jaime Marruffo, Richard Nsiah, Jose Suarez and Eric Wilson ("Plaintiff"), including but not limited to: personnel information concerning Plaintiff(s) and employees of Defendants; information concerning private personal matters not generally known to the public, including, but not limited to, tax returns, medical information and information from previous and subsequent employers of Plaintiffs; non-party employee names, addresses and social security numbers; non-parties' employment and compensation histories; non-party employee performance evaluations and termination files; staffing composition and plans; information containing industry trade secrets; Defendants' proprietary or non-public business information; information relating to Defendants' investment, business and operational strategies, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information treated or considered by Defendants, by policy or practice, to be confidential or proprietary; and Defendants' trade secret information. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case.

4. Information shall be designated as CONFIDENTIAL by counsel for the designating party only after review of the information, who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by written agreement of all the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 5(a) through 5(f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A: "Non-Disclosure Agreement") stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" or at a later date. However, any use by the receiving party made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the

receiving party takes all reasonable steps to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation.

10. In the event that a non-party or another party produces documents that a party wishes to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL Information by bates label or, where not bates labeled by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document in accordance with such marking. However, any use by the non-designating party made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and explains the reasonable steps taken by the non-designating party to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within ten (10) business days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails

to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, the parties shall destroy CONFIDENTIAL documents.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 12th day of August, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 11th day of August, 2009.

By: s/ Kimberlie K. Ryan
    Kimberlie K. Ryan
    THE RYAN LAW FIRM, LLC
    283 Columbine St. #157
    Denver, CO 80206
    Telephone: (303) 355-0639
    kim@ryanfirm.com

By: s/ Joshua Maximon
    Joshua Maximon
    THE MAXIMON LAW FIRM, LLC
    900 Arapahoe Ave.
    Boulder, CO 80302
    Telephone: (303) 991-3344
    jm@maximonlaw.com

ATTORNEYS FOR PLAINTIFFS

By: s/ David D. Powell, Jr.
    David D. Powell, Jr.
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
    410 Seventeenth Street, Suite 2200
    Denver, Colorado 80202
    Telephone: (303) 223-1100
    dpowell@bhfs.com

ATTORNEYS FOR DEFENDANTS HEALTHONE OF DENVER, INC., and HCA-HEALTHONE LLC d/b/a SKY RIDGE MEDICAL CENTER

By: s/ Ryan P. Lessmann
    Charles W. Weese
    Ryan P. Lessmann
    JACKSON LEWIS LLP
    950 17th Street, Suite 2600
    Denver, CO 80202
    Telephone: (303) 892-0404
    weesec@jacksonlewis.com
    lessmannr@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS SODEXO, INC. and SODEXO AMERICA, LLC