IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01020-CMA-MEH

JOSE MORENO,
KWAME ADJEI-BRONI,
FRANCIS AGYEMANG-BOAKYE,
AGNES AMPONSAH,
STEVE ATENCIO,
OWUSU BOAHER,
JAIME MARRUFFO,
RICHARD NSIAH,
JOSE SUAREZ, and
ERIC WILSON,

      Plaintiffs,

v.

SODEXO, INC.,
SODEXO AMERICA, LLC,
HEALTHONE OF DENVER, INC., and
HCA-HEALTHONE LLC, d/b/a Sky Ridge Medical Center,

      Defendants.
_____

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      This matter comes before the Court *sua sponte*, due to the Plaintiffs' failure to respond to the

Court's Order to Show Cause and failure to submit a Status Report.  For the reasons stated below,

the Court recommends this case be **dismissed without prejudice**.[1]

_____

      [1]The parties are advised that they shall have fourteen (14) days after service hereof to
serve and file any written objections in order to obtain reconsideration by the District Judge to
whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically
identify those findings or recommendations to which the objections are being made.  The District
Court need not consider frivolous, conclusive or general objections.  A party's failure to file such
written objections to proposed findings and recommendations contained in this report may bar

I.      **Background**

Represented by counsel, the Plaintiffs filed this action on May 1, 2009, and on July 27, 2009, this Court held a Scheduling Conference.  (Docket #34.)  Thereafter, on September 4, 2009, Plaintiffs' counsel filed a motion to withdraw and requested a 90-day stay of proceedings to allow Plaintiffs to seek substitute counsel.  (Docket #44.)  Judge Arguello held a hearing on the motion on September 30, 2009, and granted counsels' motion.  (Docket #52.)  In accordance with Judge Arguello's order, on the same day, this Court set a Status Conference for January 6, 2010 (after the 90-day stay of proceedings).  (Docket #53.)  In so doing, the Court informed the parties that if January 6, 2010 was inconvenient, they could contact the Court to reschedule the conference.  (*Id.*) The Court received no communication from the parties regarding rescheduling the conference.

Only three of the ten Plaintiffs appeared for the January 6, 2010 Status Conference.  (Docket #55.)  At the Status Conference, Plaintiffs Jose Moreno, Owusu Boaher, and Jaime Marruffo discussed with the Court their efforts to find new counsel.  The Court ordered that on or before February 1, 2010, **all** Plaintiffs must file a Status Report "stating whether they have hired an attorney, wish to proceed with the case without an attorney, or dismiss the case."  Additionally, the Court *sua sponte* issued an Order to Show Cause requiring Plaintiffs Kwame Adjei-Broni, Francis Agyemang-Boakye, Agnes Amponsah, Steve Atencio, Richard Nsiah, Jose Suarez and Eric Wilson,

---

the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

who failed to appear at the Status Conference, to show cause in writing no later than February 1, 2010, why this Court should not dismiss their claims for failure to prosecute this action.  (Docket #56.)  To date, Plaintiffs have not filed a Status Report or a response to the Order to Show Cause.

## II.  Discussion

Although Plaintiffs are now proceeding in this case without counsel, Plaintiffs still bear the responsibility of prosecuting this case with due diligence.  The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  The Court ordered all Plaintiffs to file a Status Report, and the seven Plaintiffs who failed to appear to file a response to the Order to Show Cause, but Plaintiffs failed to do so within the required time frame.  Additionally, Plaintiffs have made no request for an extension of time in which to file a response or report.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.  See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).  When evaluating grounds for dismissal of

an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiffs' failure to prosecute this action, particularly in light of the generous 90-day stay imposed by the District Court, adversely affects Defendants' proceeding in this matter by impeding the Court's ability to review both parties' submissions for consideration in reaching a fair and just conclusion of the Plaintiffs' claims.  In satisfaction of the second factor, Plaintiffs' non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*.  Additionally, Plaintiffs' failure to respond to the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiffs to respond to the Order to Show Cause and to file a Status Report.  The record of Plaintiffs' failure to respond to the Court's orders and absence of docket entries indicating a willingness to prosecute this case leads the Court to believe Plaintiffs are culpable under these circumstances.  Furthermore, the warnings in the Court's Order to Show Cause and also as discussed at the Status Conference on January 6, 2010, gave Plaintiffs notice that claims could be dismissed as a result of their failure to respond, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice.  Dismissal with prejudice "represents an extreme sanction appropriate

only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiffs have failed to prosecute this case with due diligence by their failure to comply with the Court's Order to Show Cause or order requiring a Status Report, or to properly request an extension of time to respond if they were unable to do so in a timely fashion. For these reasons, dismissal of this action without prejudice is warranted.

## III.   Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiffs' failure to prosecute.

Dated this 3rd day of February, 2010, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge